STATE OF MAINE
ANDROSCOGGIN, SS.

RECEIVED & FILED

APR 1 6 2003

ANDROSCOGGIN
SUPERIOR COURT

DONALD L. GARRECHT
LAW LIBRARY

MAY 7 2003

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-135

TED - AND - 11/16/2003

RICHARD ASHE,

Plaintiff

v.

ENTERPRISE RENT-A-CAR et al.,

Defendants

DECISION AND ORDER
ON MOTION FOR
SUMMARY JUDGMENT

## I. BACKGROUND

This is a claim for personal injury arising from a motor vehicle accident in which plaintiff was injured while riding in a vehicle operated by one Matthew Moore. The vehicle had been rented by Moore from defendant Enterprise Rent-a-Car (Enterprise). The Travelers Indemnity Company (Travelers) had issued an indemnity bond for Enterprise that was on file with the Secretary of State as required by 29-A M.R.S.A. §§ 1611(1)(B) and (2)(A).

The plaintiff has previously secured judgment against Moore in the amount of $319,618.29 plus interest and costs. Ashe now seeks judgment against Enterprise and Travelers under the terms of Maine's reach and apply statute, 24-A M.R.S.A. § 2904, alleging that the plaintiff is a judgment creditor and that the defendants are insurers.

The defendants have jointly moved for summary judgment. Both parties agree that there is no dispute as to material facts, and that judgment for one of the parties is appropriate.

## II. MATERIAL FACTS

As part of the motion for summary judgment and plaintiff's opposition, the plaintiff submitted a stipulated statement of material facts (SMF)[1] which include the facts set out above that give rise to this action. The SMF also contains the following facts:

- Moore did not purchase supplemental liability protection that was offered by Enterprise.

- Ashe had previously advised Enterprise that it would pursue claims against Moore and Enterprise.

- The rental agreement states:

   6. BODILY INJURY AND PROPERTY DAMAGE RESPONSIBILITY: Enterprise provides no BODILY INJURY OR PROPERTY DAMAGE LIABILITY INSURANCE or coverage to any renter, operator, user, passengers, or any other third party. Renter's insurance applies. Renter represents and warrants that they have and will maintain in force during the term of the rental agreement, BODILY INJURY and PROPERTY DAMAGE LIABILITY INSURANCE for renter, other operators, users, passengers and third parties equal to the financial responsibility limits required by the applicable motor vehicle Financial Responsibility Laws of the state where the vehicle is operated or used.

- At the time of the accident Moore was insured under his own automobile policy, but only to $20,000.00 single policy limits.

## III. DISCUSSION

The automobile rental statute in effect on the date of the accident (November 29, 1994) reads as follows:

   The owner of a motor vehicle engaged in the business of renting motor vehicles . . . who rents any such vehicle . . . to another . . . , permitting the renter to operate the vehicle upon public ways, *shall be jointly and severally liable with the renter* for any damages caused by the negligence of the latter in operating the vehicle . . . , *except the foregoing provisions shall not confer any right of action upon any passenger in any such rented vehicle as against the owner* . . . . (Emphasis added.)

---

[1] Although styled as a "Statement of Material Facts as Stipulated by the Parties" each party filed additional statements of material fact.

2

29 M.R.S.A. § 1862 (repealed and replaced by 29-A M.R.S.A. § 1652, P.L. 1993, c. 683, § A-2, effective Jan. 1, 1995).[2]

The defendant also argues that 24-A M.R.S.A. § 2904, the reach and apply statute, applies only to insurers and that neither Enterprise nor Travelers are insurers within the meaning of the statute, but because of the passenger exclusion for rented vehicles, 29 M.R.S.A. § 1862 and 29-A M.R.S.A. § 1652(3), it is unnecessary to reach this decision.[3]

As to the claim against Travelers, plaintiff argues that the passenger exclusion is not applicable because it applies only to "rental companies." Although correct, the plaintiff cannot recover on the bond without liability to the principal.

> The required insurance policy or bond must adequately provide liability insurance for the collection of damages for which . . . *the owner of a motor vehicle or vehicles may be liable* by reason of the operation of a motor vehicle or vehicles subject to this chapter. (Emphasis added.)

29-A M.R.S.A. § 1611(5).

Additionally, the bond filed with the Secretary of State, SMF Exhibit E, provides:

> Whereas, this bond is written to assure compliance by the principal as a rental car company with the laws of such State and the rules and regulations of the Commission relating to insurance or other security for the protection of the public, and *shall insure to the benefit of any person or persons who shall recover a final judgment or judgments against the principal* for any of the damages herein described. (Emphasis added.)

Because there is no liability or judgment against the principal, there is no recovery on the bond.

Plaintiff further argues that to exclude coverage to passengers is irrational and discriminatory and that this could not be the intent of the Legislature. This overlooks

---

[2] The new statute in Title 29-A, although divided into subsections, provides for the same right of action by an injured party, joint and several liability and the same passenger exclusion. 29-A M.R.S.A. § 1652(3).

[3] If liability did attach to Enterprise outside the passenger exclusion, the court would have found that Travelers' bond had the same status as insurance under 24-A M.R.S.A. § 2904.

3

the 1993 full revision of the motor vehicle code, by the Legislature, effective January 1, 1995.[4]

## IV.  DECISION AND ORDER

The clerk will make the following entry as the Decision and Order of the court:

A.  There is no dispute as to material facts.  The defendants are entitled to judgment as a matter of law.

B.  Defendants' Motion for Summary Judgment is granted.

C.  The clerk will enter final judgment for defendants without costs.

So Ordered.

DATED:  April 16, 2003

Thomas E. Delahanty II
Justice, Superior Court


Paul Macri, Esq. -
for Plaintiff

Jennifer S. Riggle, Esq.
Elizabeth Germani, Esq.
for Defendants

---

[4] The new motor vehicle code virtually repealed Title 29 and enacted Title 29-A P.L., c. 683, § A-2.